IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. PHIPPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-209-SLR |
| ) | |
| JAMES T. VAUGHN CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

1. **Background**. Plaintiff Richard D. Phipps ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a letter/motion for injunctive relief on March 31, 2016 seeking immediate medical care. (D.I. 1) On March 31, 2016, the court ordered the warden of the VCC to respond to the motion. Plaintiff's motion is opposed.

2. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a

plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion**. Plaintiff states that he is concerned that he may die from his failing health, his condition worsening prior to February 16, 2016. Plaintiff suffers from extreme anus pain following bowel movements with the pain now radiating to his groin and legs. The pain is so severe that plaintiff has suicidal thoughts. Plaintiff states that his medical issues have worsened and he has not been examined despite submitting sick call slips and grievances. He seeks immediate medical treatment.

4. Following the court's March 31, 2016 order, plaintiff advised the court that he was examined by psychiatric and medical personnel and that he is scheduled to see an "outside G.I. Dr." (D.I. 5) In addition, the warden's response includes medical provider notes from plaintiff's April 5, 2016 medical examination and mental health notes from plaintiff's mental health evaluation. (D.I. 6)

5. Plaintiff has received, and is receiving, the medical and mental health care he sought. The court finds, therefore, that his motion for injunctive relief is moot.

6. **Conclusion**. For the above reasons, the court will deny as moot plaintiff's letter/motion for a preliminary injunction. (D.I. 1) A separate order shall issue.

Dated: April 14, 2016

_____
UNITED STATES DISTRICT JUDGE

2